# EXHIBIT A

Charles A. Lyons (No. 17583)
Kyle O. Maynard (No. 16640)
Assistant Attorneys General
Sean D. Reyes (No. 7969)
Utah Attorney General
1594 West North Temple, Suite 200
Salt Lake City, UT 84116
Telephone: (801) 538-7227
Facsimile: (801) 538-7440
calyons@agutah.gov
kylemaynard@agutah.gov
*Attorneys for Utah Division of Wildlife Resources*

Renee Spooner (No. 6993)
Paul McConkie (No. 5881)
Assistant Attorneys General
Sean D. Reyes (No. 7969)
Utah Attorney General
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah 84114-0857
Telephone (801) 366-0353
rspooner@agutah.gov
pmcconkie@agutah.gov
*Attorneys for Utah Department of Transportation*

IN THE FOURTH JUDICIAL DISTRICT COURT IN AND FOR
WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| THE STATE OF UTAH through UTAH DEPARTMENT OF NATURAL RESOURCES – DIVISION OF WILDLIFE RESOURCES, an agency of the State of Utah, and UTAH DEPARTMENT OF TANSPORTATION, an agency of the State of Utah, <br><br> *Plaintiffs,* <br> v. <br><br> ANDREA OVESON, Trustee of SHCH ALASKA TRUST dated January 2, 2014, JANA GUNDERSON, Trustee of ROCKY MOUNTAIN HOLDING TRUST dated January 5, 1993, & JOHN DOES 1 – 10, <br><br> *Defendants.* | **COMPLAINT** <br><br> Civil No.: <br><br> Judge: |

Plaintiffs Utah Department of Natural Resources – Utah Division of Wildlife Resouces

(*"UDWR"*) and Utah Department of Transportation ("UDOT") (collectively the Plaintiffs),

by and through counsel, complaint and allege against the Defendants for the following:

(1) declaratory relief; (2) easement deed reformation, and (3) quiet title, or in the alternative, prescriptive easement.

## JURISDICTION & VENUE

1.      UDOT's action for quiet title concerns real property with a railroad right-of-way located in Provo Canyon, Wasatch County, Utah.

2.      UDWR's action for declaratory relief and deed reformation concerns real property involving a public access fishing easement located in Wasatch County, Utah.

3.      This Court has subject matter jurisdiction over these matters under Utah Code Ann. §§ 78A-5-102(1) and 78B-6-401.

4.      Venue is proper in Wasatch County pursuant to Utah Code §78B-3-301.

## PARTIES

5.      Plaintiff, UDOT, is an agency of the State of Utah created under Utah Code §72-1-201.

6.      Pursuant to Utah Code §72-1-201(1)(d), UDOT is required to plan, develop, construct, and maintain state transportation systems that are safe, reliable, and serve the needs of the traveling public, commerce, and industry.

7.      UDOT owns a railroad right-of-way located in portions of Lots 4 and 5, in the portion of the west half of the Southeast Quarter of Section 13, Township 5 South, Range 3 East, Salt Lake Base and Meridian, lying between the centerline of US-189 and the centerline of Provo River.

8.      Plaintiff, UDWR, is a Utah State agency with offices and operations throughout the State of Utah statutorily mandated to improve access for fishing and hunting and to provide perpetual access for hunting, fishing, or trapping under Utah Code Ann. §§ 23A-3-207 and -306.

2

9.     Defendant Andrea Oveson, Trustee of the SHCH Alaska Trust dated January 2, 2014, claims ownership of real property to those portions of Lots 4 and 5, in the portion of the west half of the Southeast Quarter of Section 13, Township 5 South, Range 3 East, Salt Lake Base and Meridian, where the railroad right-of-way is located and is a private property owner that owns real property encumbered by the public access fishing easement in Wasatch County, Utah.

10.     Defendant, Jana Gunderson, Trustee of the Rocky Mountain Holding Trust dated January 5 1993, is a private property owner that owns real property encumbered by the Fishing Easement generally located within Lots 3, 4, and 5 of the west half of the Southeast Quarter of Section 13, Township 5 South, Range 3 East, Salt Lake Base and Meridian in Wasatch County, Utah.

11.     Defendants John Does 1 – 5 are unknown persons or entities who may claim an interest in the railroad right-of-way or underlying fee property who have not been identified at the time of the filing of this Complaint.  Pursuant to Rule 9(b) of the Utah Rules of Civil Procedure, UDOT reserves the right to amend its Complaint to add the true identities of the Defendant Does as they may appear through discovery.

## UDWR'S GENERAL ALLEGATIONS AND CLAIMS FOR RELIEF

### The Fishing Easement

12.     In 1993 PacifiCorp, d/b/a Utah Power & Light Company, granted UDWR a public access fishing easement, generally located at Sec. 13, T5S, R3E SLB&M (the "Fishing Easement"). (*See* Attachment A).

13.     The Fishing Easement which was recorded by the Wasatch County Recorder at 10:35 a.m. on August 17, 1993.

14.     The Fishing Easement states the following: "Said easement is for the following purposes and is subject to the following restrictions and conditions:

1.     Said easement is granted for public access for the sole purpose of fishing, and it is understood that grantee may grant access for that purpose only. Except as otherwise provided herein, Grantee shall prohibit any public use not qualifying as a "recreational purpose" under the limitations of landowner act liability at Utah Code Ann. Section 57-14-1, et seq.;

2.     DWR personnel may use the above-described easement for purposes of fishery management, fishery creel census, and enforcement of wildlife laws and regulations;

3.     DWR personnel may use the above-described easement for purposes of ingress and egress for the purpose of repairing and stabilizing stream banks and stream beds, planting vegetation for erosion control and fish habitat, including the right to use necessary equipment which does not reasonably interfere with the natural or existing character of the easement or surrounding lands. Said right of ingress and egress passes to persons and/or contractors employed by DWR; and

4.     DWR is given the right to use the above-described easement for purposes of constructing a fence along the boundary of said easement for the purpose of excluding livestock."

15.     The intent of the Fishing Easement is articulated clearly in the recorded document; however, the metes and bounds legal description in the Fishing Easement document is inconsistent with the associated map filed with the Fishing Easement and with the legal description of the shared border of the adjacent Heber Creeper Railroad Right of Way ("RROW"), which is held by the Utah Department of transportation ("UDOT") and intended to be the Fishing Easement's western boundary.

16.     As a result, when plotted on a map, the described easement corridor does not match the border of UDOT's RROW.

17.     Instead, the described easement begins approximately 100' to the southeast of the Provo River and roughly parallels the course of the river to the northeast until it reaches the edge of the section line in the northeast corner.

18.     However, the location for UDOT's RROW is consistent with the location description contained in UDOT's deed and has historically been accurately depicted on surveys.

19.     The Fishing Easement's legal description contains a point of beginning on the East line of the RROW and contains identical bearings and calls as the RROW with two exceptions believed to be typographical errors.

20.     One additional ambiguity exists in the Fishing Easement's described distance of a point shared with the eastern edge of the RROW (the same point on the western edge of the Fishing Easement) with the corner of Section 13.

21.     Reconciliation of the discrepancies between the current legal description and the intended boundaries of the Fishing Easement must be corrected by adjusting the tie from the corner of Section 13 and correcting the identified typographical errors to be consistent with the description contained in the RROW.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

22.     UDWR hereby incorporates by reference all above paragraphs of this Complaint as if fully set forth herein.

23.     This Court has the power to issue declaratory judgments determining rights, status, and other legal relations within its respective jurisdiction under Utah Code Ann. § 78B-6-401.

24.     A claimant must demonstrate the following four elements to establish an entitlement to declaratory relief: "(1) a justiciable controversy presented for resolution; (2) the parties to the action must have interests that are adverse; (3) the party seeking relief must have a legally protectible interest; and (4) the issues presented must be ripe for judicial determination. *Williamson v. Farrell*, 2019 UT App 123, ¶ 11, 447 P.3d 131 (cleaned up).

25.     A justiciable controversy exists where a party can plead concrete facts indicating a specific injury sustained or threatened. *Salt Lake County. v. State*, 2020 UT 27, ¶ 42, 466 P.3d 158 (quotations marks omitted).

26.     A justiciable controversy exists here because UDWR is the holder of the Fishing Easement, the statutorily appointed trustee and custodian of protected wildlife in Utah, and is tasked with the responsibility to improve access for fishing and hunting and to provide perpetual access for hunting, fishing, or trapping in Utah under Utah Code Ann. §§ 23A-3-207 and -306.

27.     UDWR uses the Fishing Easement and other similar instruments throughout the state to manage fisheries and to provide fishing opportunities to Utah citizens so they may exercise their Constitutional right to fish in the state under UTAH CONST. ART. I, § 30.

28.     Defendants' refusals to recognize the validity of DWR's Fishing Easement injures DWR's abilities to manage protected wildlife and guarantee access to anglers seeking to exercise their constitutionally protected right to fish constitute a justiciable controversy that this Court must resolve through a declaratory order.

29.     The parties' interests are adverse because Defendants have refused to recognize the validity of the Fishing Easement by posting no trespassing signs stating, "Private Property: No Fishing Easement Exists Here," and telling UDWR staff and anglers they cannot access the river at the Fishing Easement location, thereby refusing to recognize UDWR's valid real

property interest and impacting UDWR's ability to manage the fishery and provide public angler access.

30.     Third, a legally protectible interest is an interest "at law or in equity." *Miller v. Weaver*, 2003 UT 12, ¶ 15, 66 P.3d 592, 597. UDWR has a valid legal real property interest in the Fishing Easement a declaratory judgment in its favor will serve to protect.

31.     Fourth, an issue is ripe for judicial determination when "there is an actual controversy, or that there is a substantial likelihood that one will develop so that the adjudication will serve a useful purpose in resolving or avoiding controversy or possible litigation." *Alternative Options & Servs. For Child. V. Chapman*, 2004 UT App 488, ¶ 24 (quoting *Salt Lake Co. Comm'n v. Short*, 1999 UT 73, ¶ 12).

32.     An actual controversy exists here because Defendants refuse to recognize the validity of the Fishing Easement, which has created problems for UDWR staff, law enforcement and the public and will likely continue to create problems for UDWR's management of the fishery and the public's right to access this stretch of the Provo River. This matter is ripe for a declaratory judgment to resolve these issues for the parties.

**SECOND CLAIM FOR RELIEF**
**(Easement Deed Reformation)**

33.     UDWR hereby incorporates by reference all above paragraphs of this Complaint as if fully set forth herein.

34.     "Reformation of a deed is appropriate where the terms of the written instrument are mistaken in that they do not show the true intent of the agreement between the parties." *Peterson v. Pierce*, 2019 UT App 48, ¶ 25, 440 P.3d 833, 841 citing *RHN Corp. v. Veibell*, 2004 UT 60, ¶ 36, 96 P.3d 935. Mutual mistake of the parties provides a ground to seek the equitable remedy of reformation. *Id.*

35.     PacifiCorp and UDWR intended to create the Fishing Easement for the purposes contained therein and neither party intended the location of the Fishing Easement to lie 100' away from the river.

36.     The inconsistencies contained in the Fishing Easement's legal description of the shared border to UDOT's RROW do not reflect this intent and instead are the result of a scrivener's error that is contrary to the original intent and purposes of the Fishing Easement.

37.     The Court should reform the Fishing Easement's legal description in order correct the scrivener's error and to reflect the original intent of the parties.

## UDOT'S GENERAL ALLEGATIONS AND CLAIMS FOR RELIEF

### THIRD CLAIM FOR RELIEF
**(Quiet Title)**

38.     UDOT hereby incorporates by reference paragraphs 1-7, 9, 11 of this Complaint as if fully set forth herein.

39.     This action is brought in accordance with Utah Code §§78B-6-1301, *et seq.*

40.     The United States granted the railroad right-of-way in Provo Canyon to Denver and Rio Grande Western Railroad Company through the 1875 General Railway Right of Way Act.  On July 12, 1897, the Secretary of the U.S. Department of Interior approved the survey of the Rio Grande Western Railway.

41.     The railroad right-of-way is 100 feet on each side of the centerline, for a total of 200 feet.  The railroad right-of-way is an exclusive easement for railroad purposes.

***Requisite Steps to Transfer the Railroad Right-of-Way to the State Road Commission.***

42.     Before ceasing operation of a railroad line, the Transportation Act of 1920 required Denver and Rio Grande Western Railroad Company to file an application and obtain a

certificate from the Interstate Commerce Commission to abandon any portion of a railroad line or operation.

43.    On April 4, 1969, Denver and Rio Grande Western Railroad Company filed with the Interstate Commerce Commission an application for a certificate of public convenience and necessity to authorize the abandonment of the portion of its Provo Canyon Branch from MP 5.90 near Olmstead, Utah County, Utah to the end of the branch line, MP 28.05 at Heber, Utah, in Wasatch County.

44.    The application, Finance Docket No. 25625, the purpose of the application is to retire, abandon, 22.05 miles of track of the Provo Canyon Branch. The State Road Commission made an offer of $264,000.00 for the railroad right-of-way and track structure proposed to be abandoned. The land value was $64,000.00 and $200,000.00 net salvage value for the railroad tracks. The State Road Commission's engineer estimated that the use of the railroad right-of-way would result in a construction savings of $495,657.00 for the proposed highway construction Project F-019-1(13). This analysis of the cost made apparent that there is a substantial savings to the public if the railroad trackage in Provo Canyon can be abandoned.

45.    The Interstate Commerce Commission granted the certificate, which allowed Denver and Rio Grande Western Railroad Company to sell the railroad right-of-way, including the tracks and improvements, to the State Road Commission.

### *The State Road Commission purchased the railroad right-of-way from the Denver and Rio Grande Western Railroad Company.*

46.    On January 8, 1971, the Denver and Rio Grande Western Railroad Company transferred its railroad right-of-way to the State Road Commission, the predecessor in interest to UDOT, by quit claim deed. The railroad right-of-way is located in Section 13, T. 5 S. R. 3E., S.L.B. & M. (*See* Attachment B).

47.     Pursuant to 43 U.S.C. §912, the railroad right-of-way may be used for a public highway.

48.     The State Road Commission purchased the railroad right-of-way for highway construction project F-019-1(13). A portion of the railroad right-of-way became US-189 right-of-way during the highway construction project F-019-1(13).

49.     No court ordered the abandonment of the railroad right-of-way granted under the 1875 General Railway Right of Way Act as required by 43 U.S.C. §912.

### *Continuing Use of the Railroad Right-of-Way*

50.     After the State Road Commission purchased the railroad right-of-way, the first operation of the railroad occurred in July 1971.

51.     Since November 1971, UDOT or the State Road Commission leased the railroad right-of-way for railroad purposes. The operation of the Heber Creeper provided transportation, scenic, and tourist opportunities.

52.     UDOT currently leases the railroad right-of-way to Heber Valley Historic Railroad Authority ("Heber Valley"), an independent state agency.

53.     UDOT has a funded project, Provo Canyon Parkway, to mitigate safety impacts from NH-0189(12)14. UDOT and Heber Valley are cooperating with each other concerning the construction of the multi-use path, the railbed, and replacement of the tracks within the railroad right-of-way. After the completion of the Provo Canyon Parkway, Heber Valley will be reinstalling the train tracks on the railroad right-of-way.

54.     During the clearing of the railroad right-of-way for the Provo Canyon Parkway project, alleged beneficiaries of the Defendant demanded that the preliminary construction activity cease because the beneficiary owns the property where the railroad right-of-way is

located. The Defendant also claims that UDOT does not own a property interest in the railroad right-of-way.

55. The Defendant alleges that it obtained its fee property interest in the area underlying the railroad right-of-way by a quit claim deed dated October 31, 2022, from Reserved Properties, Ltd.

56. The Defendant filed a complaint, Civil No. 230500021, on April 3, 2023, in Fourth Judicial District Court, Wasatch County, for inverse condemnation. As of this date, the complaint and summons have not been served upon UDOT in accordance with Rule 4 of the Utah Rules of Civil Procedure.

57. UDOT is entitled to have its interests in the foregoing described properties quieted against any claim of the Defendant in the described properties subject to any ownership interests in the bed of the river created by the equal footing doctrine.

<b><u>FOURTH CLAIM FOR RELIEF</u></b><br><b>(Prescriptive Easement)</b>

58. UDOT hereby incorporates by reference paragraphs 38 to 57 of this Complaint as if fully set forth herein.

59. In the alternative, UDOT asserts that it has established a prescriptive right-of-way for railroad use.

60. For over 20 years, UDOT has leased the railroad right-of-way area to the Heber Valley Railroad or previous entities, for railroad uses.

61. The use of the railroad right-of-way was open, notorious, and clearly visible. Such use was adverse to the owner's interest and without permission or approval of the owner's predecessor in interest.

62.     The Heber Valley Railroad, or the previous entities, operated a train on the tracks where the railroad right-of-way is located.

63.     In addition, the railroad right-of-way deed dated January 8, 1971, attached as Exhibit A, was filed with the Wasatch Recorder's office on January 21, 1971.

64.     The width of the railroad right-of-way should be from the edge of the highway right-of-way line to the ordinary high-water mark of the Provo River's banks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows against the Defendants:

Against Defendant Andrea Oveson, Trustee of SHCH Alaska Trust dated January 2, 2014:

1.     For an order determining the railroad right-of-way was not abandoned;

2.     For an order quieting title in favor of UDOT to the railroad right-of-way subject to any ownership interests in the bed of the river created by the equal footing doctrine, and the railroad right-of-way is an exclusive easement for railroad purposes;

3.     In the alternative, for an order determining that UDOT has a prescriptive right-of-way for the uses established within the 20 years with a width from the U.S. 189 highway right-of-way to the ordinary high-water mark of the Provo River; and

4.     For an order allowing UDOT or its lessee to remove any objects that interfere with UDOT's or its lessee's use of the railroad right-of-way.

Against Defendant Andrea Oveson, Trustee of SHCH Alaska Trust dated January 2, 2014, and Jana Gunderson, Trustee of Rocky Mountain Holding Trust dated January 5, 1993:

5.     For a declarative order from the court stating UDWR's Fishing Easement is valid for the intended purposes stated therein;

6.     Reformation of the Fishing Easement legal description to correct the Fishing Easement's location; and

7.     For other relief as deemed necessary and just by the Court, including costs and attorney's fees.

 DATED this 27th day of September, 2023.


                                        SEAN D. REYES
                                        UTAH ATTORNEY GENERAL


                                         /s/ Charles A. Lyons
                                        CHARLES A.  LYONS
                                        KYLE O. MAYNARD
                                        Assistant Attorneys General
                                        *Attorneys for Plaintiff UDWR*


                                         /s/  Renee Spooner
                                        RENEE SPOONER
                                        PAUL MCCONKIE
                                        Assistant Attorneys General
                                        *Attorneys for Plaintiff UDOT*


**Plaintiffs' Address:**
**Utah Department of Transportation**
**4501 South 2700 West**
**West Valley City, Utah 84119**

**Utah Department of Natural Resources – Division of Wildlife Resources**
**1594 West North Temple, Suite 3710**
**Salt Lake City, Utah 84114-5610**

# ATTACHMENT A

(1).

EASEMENT

THIS EASEMENT is made and granted to the STATE OF UTAH DEPARTMENT OF NATURAL RESOURCES, DIVISION OF WILDLIFE RESOURCES ("DWR"), a body politic, hereinafter called "grantee", by PACIFICORP an Oregon cor~~~~~ the UTAH POWER & LIGHT COMPANY, hereinafter called "Grantor".

WITNESSETH, that for and in consideration of Ten and No/100 Dollars ($10.00), paid by Grantee to Grantor, receipt of which is acknowledged, and other good and valuable consideration, Grantor hereby grants, bargains, sells and conveys to Grantee, its successors and assigns, in perpetuity, an easement for the purposes described herein upon lands located in Utah and Wasatch Counties, Utah, described as follows:

> Beginning at a point on the East line of the Heber Creeper Railroad, said point being located East 2926.96 feet and North 36.02 feet, more or less from the southwest corner of Section 13, T. 5 S., R. 3 E., SLB&M; thence S.16°31'12"W. 724.73 feet; thence Southerly along the arc of a 642.00 foot radius curve to the left 291.86 feet through a central angle of 26°02'50"; thence N.80°28'22"E. 100.00 feet to a point on a 542.00 foot radius curve, the center of which bears N.80°28'22"E.; thence Northeasterly along the arc of said curve 246.40 feet through a central angle of 26°02'50"; thence N.16°31'12"E. 60.00 feet; thence N.34°33'15"E. 226.11 feet; thence N.03°53'41"W. 200.68 feet; thence N.16°31'12"E. 261.65 feet; thence Northeasterly along the arc of a 585.00 foot radius curve to the right 460.85 feet, through a central angle of 45°08'10"; thence N.61°39'22"E. 326.44 feet; thence Northerly along the arc of a 825.00 foot radius curve to the left 471.73 feet, through a central angle of 32°45'40"; thence N.28°53'42"E. 319.96 feet; thence Northerly along the arc of a 686.00 foot radius curve to the left 757.39 feet through a central angle of 63°15'30"; thence N.34°32'48"W. 267.56 feet; thence Northeasterly along a 264.00 foot radius curve to the right 576.04 feet through a central angle of 125°01'00"; thence S.89°20'48"E. 138.83 feet; thence Easterly along a 958.00 foot radius curve to the left 642.62 feet through a central angle of 38°26'00"; thence N.52°13'12"E. 343.93 feet more or less to the east line of Section 13; thence N.00°43'00"W. along said east line 132.60 feet to a point on a 720.00 foot radius curve, the center of which bears N.45°03'54"W.; thence Southwesterly along the arc of said curve 91.55 feet through a central angle of 07°17'06"; thence S.52°13'12"W. 332.55 feet; thence Southwesterly along the arc of a 858.00 foot radius curve to the right 575.54 feet through a central angle of 38°26'00"; thence N.89°20'48"W. 138.83 feet; thence Southwesterly along the arc of a 364.00 foot radius curve to the left 794.23 feet through a central angle of 125°01'00"; thence S.34°21'48"E. 267.56 feet; thence Southerly along the arc of a 586.00 foot radius curve to the right 646.98 feet through a central angle of 63°15'30"; thence S.28°53'42"W. 319.96 feet; thence Southwesterly along the arc of a 725.00 foot radius curve to the left 414.55 feet through a central angle of 32°45'40"; thence S.61°39'22"W. 326.44 feet; thence Southwesterly along the arc of a 685.00 foot curve to the left 539.63 feet through a central angle of 45°08'10" to the point of beginning. Containing 12.65 acres, more or less.

Said easement is for the following purposes and is subject to the following restrictions and conditions:

1. Said easement is granted for public access for the sole purpose of fishing, and it is understood that grantee may grant the access for that purpose only. Except as otherwise provided herein, Grantee shall prohibit any public use not qualifying as a "recreational purpose" under the limitations of landowner act liability provided at Utah Code Ann. Section 57-14-1 et seq.

2. DWR personnel may use the above described easement for purposes of fishery management, fishery creel census, and enforcement of wildlife laws and regulations;

3. DWR personnel may use the above described easement for purposes of ingress and egress for the purpose of repairing and stabilizing stream banks and stream beds, planting vegetation for erosion control and fish habitat, including the right to use necessary equipment which does not unreasonably interfere with the natural or existing character of the easement or surrounding lands. Said right of ingress and egress passes to persons and or contractors employed by DWR.

4. DWR is given the right to use the above described easement for purposes of constructing a fence along the boundary of said easement for the purpose of excluding livestock.

Grantee agrees to defend and indemnify and hold harmless the Grantor from and against any liability, damage, loss, cost and/or expenses, including attorneys' fees on account of injury or damage to persons or property occurring on the easement granted herein or occasioned by the public's use of the easement granted herein or occasioned by facilities or equipment owned or controlled by Grantee, its agents or assigns.

IN WITNESS WHEREOF, the undersigned Grantor has set their hands this __ day of July, 1993.

PACIFICORP, an Oregon corporation

By _____

Its SR. VICE PRESIDENT

STATE OF UTAH
Division of Wildlife Resources

_____
TIMOTHY H. PROVAN
Director

NOTARY PUBLIC
RALPH A. MILES
1596 West North Temple
Salt Lake City, Utah 84116
My Commission Expires
September 24, 1995
STATE OF UTAH

STATE OF UTAH )
: ss.
COUNTY OF SALT LAKE )

The forgoing instrument was acknowledged before me this 27TH day of JULY, 1993, by HARRY A. HAYCOCK, a Vice President of PACIFICORP, an Oregon corporation, who is duly authorized by the Board of Directors of said corporation and who executed the foregoing instrument on behalf of said corporation.

Brenda J. DeVore
Notary Public

Residing at: Salt Lake City, Utah

My Commission expires: 2/3/95



NOTARY PUBLIC
BRENDA J. DeVORE
1407 West North Temple
Salt Lake City, Utah 84140
My Commission Expires
February 3, 1995
STATE OF UTAH

85

STATE OF UTAH               )
                           : ss.
COUNTY OF SALT LAKE         )

On this 20th day of ___July___, 1993, personally appeared before me Timothy H.
Provan, who duly acknowledged to me that he is the Director of the State of Utah Division of
Wildlife Resources, that he is authorized to execute the foregoing instrument; and that he did
execute said instrument for and in behalf of said Division by virtue of the authority granted to him.

_____
Notary Public

Residing at: _Summit Co._

My Commission expires: _____

NOTARY PUBLIC
RALPH A. MILES
1598 West North Temple
Salt Lake City, Utah 84116
My Commission Expires
September 24, 1995.
STATE OF UTAH

86



PROVO RIVER
BELOW DEER CREEK

| LINE | DIRECTION | DISTANCE |
|------|-----------|----------|
| L1 | N 80°28'21" E | 100.00' |
| L2 | N 34°35'15" E | 226.11' |
| L3 | N 02°53'41" E | 200.68' |
| L4 | N 16°31'12" E | 264.43' |
| L5 | N 28°53'42" E | 219.96' |
| L6 | N 34°21'48" W | 267.34' |
| L7 | S 89°20'48" E | 139.89' |
| L8 | N 00°47'00" W | 132.66' |
| L9 | S 89°20'48" E | 139.89' |
| L10 | S 34°21'48" E | 267.34' |
| L11 | N 28°53'42" E | 219.96' |

| CURVE | RADIUS | LENGTH | DELTA |
|-------|--------|--------|-------|
| C1 | 720.00' | 91.55' | 07°17'07" |

N 00°43'00" A

S 90°00'00" E

13 | 18
24 | 19

HEBER CREEPER
RAILROAD RIGHT OF WAY
OR OWNERSHIP
200 FT. WIDE

P.O.B.

POB = East 2926.96'
and North 2642' from
SW corner Section 13
T.5S, R.3E, SLB&M

Railroad trestle
near Vidawood

87

# ATTACHMENT B

# Quit Claim Deed

### CORPORATION

The Denver and Rio Grande Western Railroad Company, grantor, hereby QUIT CLAIMS to the STATE ROAD COM-MISSION OF UTAH, grantee, that portion of the Denver and Rio Grande Western Railroad Company Right of Way in Section 13, T. 5 S., R. 3 E., S.L.B.&M., said Railroad Right of Way is located in Wasatch County, State of Utah and is described as follows:

Beginning at a point which is East 2707.67 feet, more or less, from the Southwest Corner of Sec. 13, T. 5 S., R. 3 E., S.L.B.&M.; thence N.16°31'12"E. 96.89 feet, more or less; thence Northeasterly along the arc of an 885.0 foot radius curve to the right 697.18 feet through a central angle of 45°08'10"; thence N.61°39'22"E. 326.44 feet; thence Northeasterly along the arc of a 525.0 foot radius curve to the left 300.19 feet through a central angle of 32°45'40"; thence N.28°53'42"E. 319.96 feet; thence Northerly along the arc of a 386.0 foot radius curve to the left 426.17 feet through a central angle of 63°15'30"; thence N.34°21'48"W. 267.56 feet; thence Northeasterly along the arc of a 564.0 foot radius curve to the right 1230.62 feet through a central angle of 125°01'; thence S.89°20'48"E. 138.83 feet; thence Northeasterly along the arc of a 658.0 foot radius curve to the left 441.38 feet through a central angle of 38°26'; thence N.52°13'12"E. 332.55 feet; thence Northeasterly along the arc of a 520.0 foot radius curve to the left 318.18 feet through a central angle of 35°03'30"; thence N.17°09'42"E. 14.77 feet to a point on the East line of said Sec. 13, said point being S.0°43'E. 960.59 feet from the Northwest corner of said Sec. 18; thence S.0°43'E. along said East line 373.04 feet to a point on a 720.0 foot radius curve, the center of which bears N.44°38'10"W.; thence Southwesterly along the arc of said curve 91.55 feet through a central angle of 7°17'06"; thence S.52°13'12"W. 332.55 feet; thence Southwesterly along the arc of an 858.0 foot radius curve to the right 575.54 feet through a central angle of 38°26'; thence N.89°20'48"W. 138.83 feet; thence Southwesterly along the arc of a 364.0 foot radius curve to the left 794.23 feet through a central angle of 125°01'; thence S.34°21'48"E. 267.56 feet; thence Southerly along the arc of a 586.0 foot radius curve to the right 646.98 feet through a central angle of 63°15'30"; thence S.28°53'42"W. 319.96 feet; thence Southwesterly along the arc of a 725.0 foot radius curve to the right 414.55 feet through a central angle of 32°45'40"; thence S. 61°39'22"W. 326.44 feet; thence Southwesterly along the arc of a 685.0 foot radius curve to the left 539.63 feet through a central angle of 45°08'10"; thence S.16°31'12"W. 37.57 feet, more or less, to the South line of said Sec. 13; thence West along said South line 208.61 feet to the Point of Beginning, containing 21.46 acres.

Together with all water rights pertaining to the above described land.

IN WITNESS WHEREOF, the said The Denver and Rio Grande Western Railroad Company has caused this instrument to be executed by its proper officers thereunto duly authorized, this day of 8th January , A.D. 1971 .

THE DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY

W. J. Holtman

Executive Vice President & General Manager

STATE OF COLO.
City and } ss.
COUNTY OF }

On this 8th day of January ,A.D. 1971 , personally appeared before me, W. J. Holtman , who, being by me duly sworn says that he is Exec. VP & Gen. Mgr. of The Denver & Rio Grande Western RR Company , a corporation, and that the within and foregoing instrument was signed in behalf of said corporation by authority of and the said AND acknowledged to me that said corporation executed the same.

WITNESS my hand and official seal the day and year in this certificate first above written.

My Commission expires: June 25, 1973 _____
Notary Public

RW Special

Prepared by: RLN, 8-4-70

Entry No. 91664

Recorded at request of State Dept. of Highways No fee

Date JAN 2 1 1971 9 A. M. Corna Van Wagoner Wasatch County Recorder

72 Page 49